***UNITED STATES DISTRICT COURT***
***for the***
***SOUTHERN DISTRICT OF INDIANA***

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>JAYSON TATLOCK,<br>MONROE COUNTY COMMUNITY<br>SCHOOL CORPORATION, and<br>TROY THOMAS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Comes now Plaintiff, Jane Doe, by counsel, and for her brief in support of her motion seeking leave to proceed under a pseudonym pursuant to Local Rule 10-1 of the United States District Court of the Southern District of Indiana would state as follows:

## INTRODUCTION

While Plaintiff was a minor student at Bloomington North High School she was groomed and then sexually assaulted by school resource officer, Jayson Tatlock. Plaintiff has asserted a claims including those under 42 U.S.C. § 1983, Title IX, and sate law negligence claims. Plaintiff respectfully requests that this Court permit her to proceed under a pseudonym in this case as her interest in privacy outweighs any prejudice to the opposing parties and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield,* 819 F. 3d 372, 377 (7th Cir. 2016).

## I. **<u>Legal Standard</u>**

"The use of fictitious names is disfavored," and the Court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit Court of Appeals has "afforded district judges discretion to permit pseudonymous litigation when the balance of harms justifies it." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 492 (7th Cir. 2024). However, the moving party "ultimately . . . bears the burden of proof to show that [the circumstances] outweigh[ ] the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Doe v. Cook Cnty., Ill.*, 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021).

The Seventh Circuit Court of Appeals recently issued two opinions guiding this Court's analysis. *See Trs. of Ind. Univ.*, 101 F.4th at 485; *Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024). These opinions make clear that the Court may permit a party to proceed anonymously only where "exceptional circumstances justify" doing so. *Loyola Univ.,* 100 F.4th at 913. Such circumstances include youth, a substantial risk of harm, and likelihood of improper retaliation. *Trs. of Ind. Univ.*, 101 F.4th at 491. Additionally, "[c]ourts often extend the protection of anonymity to victims of sex crimes." *Loyola Univ.*, 100 F.4th at 914 (citing Blue Cross, 112 F.3d at 872). Embarrassment or harm to reputation alone, however, does not justify anonymous litigation. *Trs. of Ind. Univ.*, 101 F.4th at 491-92. This Court must now determine whether exceptional circumstances exist in the case.

**ARGUMENT**

Plaintiff filed her Complaint seeking redress for harms she suffered as a result of sex crimes endured by her. Plaintiff's claims stem from negligence, civil rights violations, and Title IX claims against all Defendants. Jane Doe is undeniable the victim of a sex crime – 60C01-2506-F6-000228. The sensitive nature of Jane Doe's allegations, and the likelihood that identification will place her at risk of suffering further significant emotional and mental injury, the lack of prejudice to the Defendants as Jane Doe has disclosed her identity to them, and the strong public interest in maintaining the anonymity of students who are victims of sexual assault and abuse allow this court to permit Plaintiff to proceed using a pseudonym.

## I. Plaintiff's Interest in Privacy Outweighs the Prejudice to Opposing Parties & The Rights of the Public to Have Open Judicial Proceedings and to Know Who Is Using Court Facilities and Procedures Funded by Public Taxes.

District Courts have "discretion to permit pseudonymous litigation where the balance of harm justifies it." *Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024). A party may be permitted to proceed anonymously only where "exceptional circumstances justify" doing so. *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024). In those two cases, the Seventh Circuit clarified the justifications for the use of pseudonyms. Three of those justifications are youth, a substantial risk of harm, and the likelihood of improper retaliation. *Trustees of Ind. Univ.,* 101 F.4th at 491.

**A. Plaintiffs' Interest in Privacy Is Significant.**

Jane Doe was a minor at the time the alleged events occurred, favoring this Court's allowance of her proceeding under a pseudonym. In addition, Plaintiff has already been made to suffer from physical, mental, and emotional harms as a result of the act of the Defendants. Should her name, which has been kept confidential throughout the criminal proceedings of Jayson Tatlock and public reporting, be made public, she has a reasonable fear of embarrassment, public scrutiny, invasion of privacy, and social stigmatization, putting her at extreme risk of further emotion and psychological harm. Jane Doe is also still a member of the Bloomington Community who attends college there, and Jayson Tatlock was a public servant there for many years, which makes retaliation far more likely if her name is publicly disclosed.

Victims of sex crimes are often also extended the protection of anonymity. *Loyola Univ.*, 100 F.4th 914 (quoting *Doe v. Blue Cross*, 112 F.3d 869, 872 (7th Cir. 1997)). Jane Doe is the victim of a sex crime. The facts and circumstances of her grooming and sexual assault are humiliating, embarrassing, and of the utmost intimacy. Indiana's legislature has codified a sex crime victim's right to be identified by pseudonym in criminal proceedings. *Ind. Code* § 35-40-5-12 (2023).

The information that has been disclosed in Plaintiff's Complaint and that which will be required to be disclosed during Discovery is highly sensitive, personal, and intimate. Plaintiff's interest in maintaining privacy through anonymity is Significant.

**B. Defendants Will Not Be Prejudiced By Plaintiff Proceeding Under a Pseudonym**

Defendants already know Plaintiff's identify and Plaintiff will be disclosing the identity of Plaintiff along with a copy of the Complaint and Summons being filed in this case.

Defendants will not be prejudiced by allowing Plaintiff to proceed under a pseudonym because they are already aware of her identity.

**C. There Is No Compelling Public Interest To Identifying Plaintiff.**

There is a public interest in maintaining the anonymity of individuals who are victims of sexual assault, specifically when they are minor students. Requiring individuals who are the victims of sexual assault to disclose their identity would significantly chill the reporting of sexual assault and deter victims from seeking judicial relief.

## CONCLUSION

Plaintiff respectfully requests this Court enter the attached Proposed Order permitting her to proceed in litigation by the pseudonym "Jane Doe" and barring parties from publicly filing information containing her unredacted name or personally identifiable information.

Respectfully Submitted,

/s/ Chase T. Wilson
Chase T. Wilson (34258-49)
**HURST LIMONTES LLC**
50 S. Meridian St., Suite 600
Indianapolis, IN 46204-3680
317-636-0808/FAX: 317-633-7680
Attorneys for Plaintiff(s)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been served with the Complaint and Summons, by U.S. First Class Mail.

/s/ Chase T. Wilson
Chase T. Wilson (34258-49)
**HURST LIMONTES LLC**
50 S. Meridian St., Suite 600
Indianapolis, IN 46204-3680
317-636-0808/FAX: 317-633-7680
Attorneys for Plaintiff(s)